IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 14-cv-02012-RBJ

D.A. DAVIDSON & CO.

**Plaintiff,**

v.

KAMLET REICHERT, LLP

**Defendant.**

---

## STIPULATED PROTECTIVE ORDER

---

THE PARTIES HEREBY CERTIFY THAT THEY HAVE REVIEWED THE COURT'S
PRACTICE STANDARDS CONCERNING PROTECTIVE ORDERS WILL COMPLY WITH
THE DIRECTIONS THEREIN REGARDING FILINGS WITH THE COURT.

It is hereby stipulated and agreed by and among Plaintiff D.A. Davidson & Co. and

Defendant Kamlet Reichert, LLP, subject to the approval of the court, and pursuant to Rule 26(c)

of the Federal Rules of Civil Procedure, that the following stipulated protective order

("Protective Order") shall govern confidential and proprietary information produced by the

parties in the course of this litigation.

1.      "Protected Information" means any document, thing, testimony or other

information that is designated "CONFIDENTIAL" in the manner provided for below.  Such

designation may be made by any party or non-party that produces documents in this action

(hereinafter, the "Designator"), and the provisions herein shall apply to all documents so designated.

2.      Protected Information produced to a party may be disclosed by such party only to the persons specified below in paragraph 8.  Any recipient of Protected Information shall hold such information in confidence and shall take all reasonable steps to maintain such confidentiality.  No recipient of Protected Information shall use such information for any purpose other than in connection with this litigation.  Protected Information shall not be used in any other action, judicial proceeding, or administrative proceeding without either the written agreement of the Designator or an order of this Court.

3.      By designating any document, thing, testimony or other information as CONFIDENTIAL, the Designator represents that it believes, in good faith, that such material contains confidential personal, financial or business information, trade secrets, or other sensitive data.

4.      Protected Information shall be designated as follows:

(a)      To designate a document as Protected Information, the Designator must mark the words "CONFIDENTIAL" on each page of the document.

(b)      To designate a thing other than a document as Protected Information, the Designator must mark the words "CONFIDENTIAL" on the thing, or, if that is not practicable, on the packaging of the thing.

(c)      To designate testimony as Protected Information, the Designator must, within ten (10) business days after the transcript is received by counsel, serve by e-mail or fax on counsel for all parties a notice designating the testimony, by page and line number as "CONFIDENTIAL."  Prior to the expiration of such 10-day period, all testimony reflected in the

transcript shall be treated as though it had been designated CONFIDENTIAL, except as specified in subparagraph (d).  Under no circumstances may a Designator designate testimony as Protected Information prior to the testimony actually being given.

(d)      If the Designator seeks to designate testimony of a witness subject to control by another party in the litigation as Protected Information, such designation shall only be effective if the party that controls the witness consents to the designation by giving written consent within ten (10) business days of receiving the proposed designation, with a copy of such written consent being provided to counsel for all other parties.  Until receipt of the party's consent, all testimony reflected in the transcript shall continue to be treated as though it was not Protected Information.  A witness is deemed to be subject to a party's control if that party accepts service of a subpoena on the witness' behalf or otherwise indicates that communications with that witness should be made through the party's counsel.  If another party disagrees with the designation of testimony as Protected Information after the controlling party has consented to the designation, that party may object to the designation pursuant to the procedure in paragraph 8.

5.      A party may designate any information produced by a non-party as Protected Information in accordance with this Protective Order within ten (10) business days after receipt of such production.  Notice of such designation shall be made in accordance with the procedure set forth in paragraph 4(c).

6.      A party may object to the designation of particular Protected Information by giving written notice to the Designator.  The written notice shall identify the information to which the objection is made.  If the parties cannot resolve the objection within ten (10) business days after the time the notice is received, it shall be the obligation of the Designator to file an appropriate motion requesting that the Court determine whether the disputed information should

be subject to the terms of this Protective Order.  If such a motion is timely filed, the disputed

information shall be treated as Protected Information under the terms of this Protective Order

until the Court rules on the motion.  If the Designator fails to file such a motion within the

prescribed time, the disputed information shall lose its designation as Protected Information and

shall not thereafter be treated as Protected Information subject to this Protective Order.  In

connection with a motion filed under this provision, the Designator of Protected Information

shall bear the burden of establishing that the disputed information is qualified to be treated as

Protected Information.

   7.  Protected Information shall not include any information that: (a) is or becomes a

matter of public knowledge through no fault of the recipient; or (b) is rightfully received by the

recipient from a third-party not owing a duty of confidentiality to the Designator; or (c) is

disclosed by the Designator to a third party not owing a duty of confidentiality to the Designator;

or (d) is independently developed by the recipient; or (e) is disclosed under operation of law

without confidentiality or disclosure provisions after prior notice to the Designator; or (f) is

disclosed by the recipient with the Designator's prior written approval.  All pleadings, motions,

orders, judgments, and other papers filed with, or issued by, a court or administrative agency

shall be deemed a "matter of public knowledge" except to the extent that such papers may have

been sealed or otherwise be subject to a protective order, in which case the document shall be

accorded status as Protected Information consistent with that order to seal or protective order.

   8.  Disclosure of Protected Information designated as CONFIDENTIAL.  The parties

and counsel for the parties shall not disclose or permit the disclosure of any documents, things,

testimony or other information designated CONFIDENTIAL under the terms of this Protective

Order to any person or entity except as set forth in subparagraphs (a) through (f) below, and then

only after the person to whom disclosure is to be made has executed an acknowledgement (in the form set forth at Exhibit 1 hereto), that he or she has read and understands the terms of this Protective Order and is bound by it.  Subject to these requirements, the following categories of person may be allowed to review documents that have been designated CONFIDENTIAL pursuant to this Protective Order:

(a)     Counsel and employees of counsel for the parties (may be disclosed without execution of an acknowledgment);

(b)     Parties and current officers, directors, board members, or employees of a party, to this Protective Order, including in-house counsel;

(c)     Court reporters engaged for depositions and those persons, if any, specifically engaged for the limited purpose of making photocopies or scans of documents;

(d)     Consultants, investigators, or experts (hereinafter referred to collectively as "experts") employed by the parties or counsel to the parties to assist in the preparation or trial of the lawsuit;

(e)     Former officers, directors, board members, or employees of a party to this Protective Order to the extent that they are witnesses in this matter and agree to be bound by the terms of this Protective Order;

(f)     The Court and its staff, including its court reporters (may be disclosed without execution of an acknowledgment); and

(g)     Other persons only upon consent of the producing party or upon order of the Court and on such conditions as are agreed to or ordered.

9.     Any party wishing to disclose Protected Information to any person not identified in paragraph 8 may do so provided that (i) a notice specifying the name, address, and current

employment of such person has been served by e-mail, fax with confirmation of transmission, or by two-day express delivery on counsel for all parties at least ten (10) business days prior to disclosure of any such information to such person, and (ii) no objection to such disclosure to such person has been received by the party wishing to make the disclosure within such ten-day period. An objection to disclosure under this paragraph shall not be effective unless (i) it is in writing, and (ii) it states the basis for the objection. Once such objection is made, the parties shall confer, promptly and in good faith, and seek to resolve the dispute. If the parties cannot resolve the dispute in good faith consultation, the party objecting to the disclosure may, on notice, file a motion requesting that the Court order such disclosure not be permitted. The proposed disclosure shall not occur pending the ruling of the Court on such application, and the party objecting to the disclosure shall have the burden of proving that the proposed disclosures should not be permitted.

10.     Counsel for the parties shall take reasonable efforts to prevent unauthorized disclosure of Protected Information pursuant to the terms of this Protective Order. The recipient of any Protected Information shall maintain such information in a secure and safe place, and shall exercise at least the same degree of care in handling the Protected Information as is exercised by the recipient with respect to its own information of a similar nature, but in no event less than due care. Copies of Protected Information shall be maintained only in the offices of outside counsel for the parties, and to the extent supplied to outside experts pursuant to the terms of this Protective Order, in the offices of such experts.

11.     In any filing made with the Court, the parties shall not move to seal Protective Information unless they make a good faith determination that such Protected Information qualifies to be sealed under the Court's Practice Standards and, where possible, only those

portions of filings with the Court that contain such qualifying Protected Information shall be filed under seal.

12.     The inadvertent production of information or documents by either party for inspection and copying shall not in itself be deemed to waive any claim of attorney-client privilege, or attorney work product protection that might exist with respect to such document or other documents or communication, written or oral, including without limitation, other communications referred to in the documents or information produced.

13.     In the event any of the parties' Protected Information is the subject of, or responsive to, a subpoena or court order requiring its disclosure, the recipient of the subpoena or court order will provide immediate notice to the producing party through its counsel.  The recipient of the subpoena or court order shall not object to the producing party's appearance to protect its interest in maintaining the information as confidential.

14.     Nothing in this Protective Order shall preclude a party from offering Protected Information into evidence at the trial of this action or in depositions taken in this action.

15.     Within forty-five (45) calendar days of the conclusion of this litigation, including any appeals, all Protected Information supplied by either party, and all copies thereof, shall be returned to the producing party or their counsel or such confidential discovery materials shall be certified in writing to have been destroyed, or shall otherwise be disposed of as ordered by the Court.  Notwithstanding the foregoing, to the extent that any Protected Information has been incorporated into, or attached to, attorney work product, counsel may retain such hybrid Protected Information/attorney work product, or copies thereof, in their own files, subject to any applicable document retention/data destruction policy such counsel has adopted or may adopt in the future.

16.     In any proceeding to enforce the terms of this Protective Order, except for the motions practice described under paragraphs 6 and 9, the prevailing party shall be awarded all reasonable attorney fees, costs, and expenses incurred in the resolution of the proceeding without regard to whether the party is deemed to be the prevailing party in the overall litigation.

17.     Nothing in this Protective Order shall be deemed to preclude any party from seeking additional protection from the Court as to specific documents or categories of documents, including "Attorney's Eyes Only" protection.  In the event that a party believes that specific documents or categories of documents require additional protection, that party shall not be required to produce such documents until after the Court has ruled on its motion.

DATED this 13th day of November, 2014.

BY THE COURT:

_____
United States District Court Judge

## EXHIBIT 1

## AGREEMENT TO BE BOUND BY PROTECTIVE ORDER

The undersigned hereby acknowledges that he/she received a copy of the Amended Stipulated Protective Order entered in the action titled *D.A. Davidson & Co. v. Kamlet Reichert LLP,* Case No. 14-cv-02012-RBJ, pending in the United States District Court for the District of Colorado, has read the same, and agrees to:  (1) be bound by all of the provisions thereof; and (2) submit to the jurisdiction of the United States District Court for the District of Colorado for all matters relating to his/her compliance with the obligations under the Stipulated Protective Order.


Dated:_____          _____
                                                                                            Name

                                                                       _____
                                                                                         Signature

APPROVED AS TO FORM:

*s/Randall H. Miller*
Randall H. Miller
Steven J. Perfrement
Stephen D. Rynerson
Bryan Cave LLP
1700 Lincoln Street, Suite 4100
Denver, Colorado  80203-4541
E-mail: Randy.Miller@bryancave.com
Steven.Perfrement@ bryancave.com
Stephen.Rynerson@bryancave.com
*Attorneys for Plaintiff*

APPROVED AS TO FORM:

*s/James D. Kilroy*
James D. Kilroy
Snell & Wilmer LLP
1200 17th Street, Suite 1900
Denver, Colorado 80202
Telephone: (303) 634-2000
E-mail: jkilroy@swlaw.com
*Attorneys for Defendant*